## Thirsk, Appellant, *v.* Evans.

*Mechanic's lien—Subcontractor—Copy of contract—Plans and specifications.*

Where an agreement between a contractor and subcontractor refers to the original building contract between the owner and the contractor, and in relation thereto provides "which articles, plans and specifications are to be considered as if hereto attached all information concerning the same being known to the subcontractor," and it appears that the subcontractor has not in his possession the "articles, plans and specifications," and cannot secure them, he sufficiently complies with clause 4 of sec. 11 of the Act of June 4, 1901, P. L. 431, if he files a copy of his contract with the contractor without annexing to it the "articles, plans and specifications," to which reference is made in the body of the contract.

*Mechanic's liens—Amendment—Plans and specifications—Act of June 4, 1901, sec. 51, P. L. 431.*

Amendments to mechanic's liens are of right saving intervening rights and excepting as otherwise provided in the act can be made at any time during the existence of the lien.

Where a subcontractor in filing a mechanic's lien has filed a copy of his contract with the contractor, and it appears that the contract contains a reference to the articles, plans and specifications of the original building contract to the effect that they "are to be considered as if hereto attached," the subcontractor may after the expiration of the statutory period amend

his claim by adding an averment that he had made a demand upon the owner for a copy of the "articles, plans and specifications," and that the demand had been refused, and that he was thereby prevented from attaching the same to the copy of his own contract.

*Mechanic's lien—Notice by subcontractor—Act of June 4, 1901, P. L. 431.*

Where a subcontractor avers in his statement of claim that a "written notice of intention to file this claim duly prepared, filed and sworn to was served upon E., owner, on February 13, 1903, by delivery to him personally by the claimant," he has sufficiently complied with clause 11 of sec. 11 of the Act of June 4, 1901, P. L. 431, relating to averment of notice. A copy of the notice need not be set out in the lien.

Argued Jan. 24, 1905. Appeal, No. 196, Jan. T., 1904, by plaintiff, from order of C. P. No. 5, Phila. Co., March T., 1903, M. L. D. No. 3564, making absolute rule to strike off mechanic's lien in case of George H. Thirsk v. Samuel W. Evans, Owner, and George W. Pierson, Contractor. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Reversed.

Rule to strike off mechanic's lien.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the refusal of permission to amend the mechanic's lien.

*Charles L. Lockwood,* for appellant.—The claim as filed complied with the requirements of the act of 1901: Knelly v. Horwath, 208 Pa. 487; McCristal v. Cochran, 147 Pa. 225.

The claimant should have been allowed to amend.

*William W. Porter,* for appellee.—The claim was properly stricken off: Knelly v. Horwath, 208 Pa. 487; Acme Mfg. Co. v. Reed, 181 Pa. 382; Finch v. White, 190 Pa. 86; Lee v. Exeter Club, 9 Pa. Superior Ct. 581; Bohem v. Seabury, 141 Pa. 594; Blaisdell v. Dean, 9 Pa. Superior Ct. 639.

The claim does not comply with the requirements of section 11, paragraph 6 of the act of 1901: Murphy v. Cappeau, 147 Pa. 45; Fenner v. Real Est. Trust Co., 13 Pa. Dist. Rep. 47.

The claim does not meet the requirements of section 11, clause 11 of the act of 1901, as to setting forth the service of notice to the owner of the intention to file a claim, as required

by section 8 of the act: Maddocks v. McGann, 12 Pa. Dist. Rep. 701; Stoner v. Hileman, 12 Pa. Dist. Rep. 525; Fenner v. Real Estate Trust Co., 13 Pa. Dist. Rep. 47; Howard v. Allison, 12 Pa. Dist. Rep. 117.

The court properly discharged the petition to amend the claim: Grier v. Northern Assurance Co., 183 Pa. 334; Knox v. Hilty, 118 Pa. 430; Nolan Bros. v. Warren, 11 Pa. Dist. Rep. 561; McFarland v. Schultz, 168 Pa. 634; Meadville City v. Mahoney, 28 Pa. C. C. Rep. 474; Philadelphia v. Kehoe, 22 Pa. Superior Ct. 320; McKeesport Boro. v. Busch, 166 Pa. 46; Grier v. Assurance Co., 183 Pa. 334; Smith's App., 108 Pa. 508; Wrought Iron Bridge Co. v. York Mfg. Co., 11 York Legal Record, 45; Phila. v. Hestonville, etc., Pass. Ry. Co., 203 Pa. 38; Wright v. Copper Co., 11 Pa. Dist. Rep. 452; Kaul v. Lawrence, 73 Pa. 410; Kille v. Ege, 82 Pa. 102; Trego v. Lewis, 58 Pa. 463.

OPINION BY MR. JUSTICE ELKIN, March 20, 1905:

The questions involved in this case arise on a scire facias sur mechanic's lien under the Act of June 4, 1901, P. L. 431. Evans is the owner; Pierson the contractor; Thirsk the subcontractor. Evans and Pierson entered into a contract in writing, providing for the construction of a building according to the plans and specifications made part of the contract and remaining in their possession. Subsequently, Pierson by written agreement, sublet certain portions of the work to be done and materials to be furnished, to Thirsk. The agreement between Pierson and Thirsk contained a reference to the original agreement between Evans and Pierson, and in relation thereto provided " which articles, plans and specifications are to be considered as if hereto attached, all information concerning same being known to the subcontractor." The learned counsel for appellee contends that the words " which articles, plans and specifications are to be considered as if hereto attached," must be construed to mean that the entire original agreement, including the plans and specifications, is a part of the later contract, and in order to give validity to the claim it was necessary to include therein a copy thereof. Clause four of section eleven of said act provides that the claimant shall file as part of his statement of claim " a copy of his contract or con-

tracts if in writing." It is contended that this requirement of the act has been met by including in the claim a copy of the written contract between Pierson and Thirsk. The claim as filed does not contain a copy of the original article of agreement, plans and specifications between Evans and Pierson. The question therefore arises whether the reference in the later contract to the original agreement, plans and specifications make them such a part of the contract between Pierson and Thirsk as to require that a copy of the same must be filed with the claim. We have held that as between the owner and contractor, specifications made part of the contract and essential to it, must be included in statement of claim: Knelly v. Horwath, 208 Pa. 487. This case holds, however, that the plans, while a part of the contract and material as between the parties, are not essential to and need not be included in the claim. Mr. Justice FELL, writing the opinion of the court, said: "The purpose of the eleventh section of the act is to require the claimant to state the nature and extent of the lien claimed and the grounds on which the demand is based. Full effect may be given to the part of this section that provides for the filing of a written contract without adopting a construction that would require the filing of building plans." In other words, these provisions will be so construed as to give proper effect to the spirit and purpose of the act. In this case the claimant was not a party to the original contract, and did not have the possession of the plans and specifications. In his agreement with the contractor, Thirsk in effect says: "I do not own or have possession of the plans and specifications, but I have looked them over and agree to do the work and furnish the materials as therein provided." The only contract made by the claimant is the one a copy of which is set out in full in his claim. Does the act of 1901, because of the reference in the later contract to the original agreement, plans and specifications of the former one, make it an essential requirement to the validity of this claim that a copy of all these things should be therein set out? This claimant is without authority to enforce a demand for a copy thereof. It is true Thirsk used the plans and specifications in ascertaining the kind and character of the work to be done and the quantity and quality of the materials to be furnished, but they were not his property. He

did not have the possession of them for purposes of his own, and was refused a copy when he requested the same. These facts clearly distinguish this case from Knelly v. Horwath, 208 Pa. 487. This act should not be construed to require a claimant to do an impossible thing.

Another important question must be considered. When the motion to strike off in the court below was made, the claimant moved to amend the claim as filed by stating therein reasons for his failure to attach a copy of the original agreement, plans and specifications. The amendment was refused. The court did not file an opinion, but inasmuch as the statutory period for filing the claim had expired we must conclude that this was the reason for the refusal. The petition for the amendment substantially set out that the article of agreement between the owner and contractor, together with the plans and specifications, belonged to and remained in their possession, or in the possession of the architect representing them ; that the claimant by application and request endeavored to procure copies thereof for the purpose of including them in his claim, but was refused and thereby prevented from attaching the same thereto. It cannot be doubted that if these facts had been stated in the original claim, the court would hold that the claimant had done all the acts reasonably required of him in reference to copies of contracts, and that the validity of the claim could not be attacked on this account. We therefore come to the question whether the claim can be amended in this respect after the statutory period for filing the same has expired. We think it can. Section fifty-one of said act expressly authorizes amendments in very general terms, and provides, inter alia, " Such amendment shall be of right, saving intervening rights ; except that no amendment of the claim shall be allowed, after the time for its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim, or a wholly different party as the defendant with whom the claimant contracted."

This provision of said act has not received interpretation by this court. It becomes necessary to consider it now. It will be noticed that the amendments shall be of right, saving intervening rights. There is no limitation as to the time of making amendments, and the reasonable presumption is the act intended

that proper amendments can be made at any time during the existence of the lien or course of the trial. There can be no doubt that the amendment asked for in the court below was a proper one, and within the provisions of said act relating to amendments. The claim contained the only copy of a contract the claimant entered into and had possession of. The plans and specifications belonged to and were in the possession of the owner, contractor or architect. The claimant made application to these parties for copies, which they refused. If, as the learned counsel for appellee contends, the plans and specifications are an essential part of the contract necessary to be filed with the claim, then certainly the claimant should be permitted to show why he had not been able to file copies thereof. It will not be seriously contended that the owner, having the possession of the article of agreement, plans and specifications and refusing to give copies to the claimant, will be permitted to come into court and defeat the claim because copies of these contracts which he withholds have not been filed. Such a doctrine would permit the owner by taking advantage of his wrongful act, to invalidate the lien and render the law inoperative. He is estopped from so doing : McCormick v. Lawton, 3 Neb. 449. The court was in error in refusing to allow the amendment.

Two reasons presented in the court below on the motion for a rule to strike off, raise the question as to what the act requires to be stated in the claim in reference to notice to the owner of an intention to file the same. As such notice is an essential prerequisite, and cannot be amended, it becomes necessary to consider whether the statutory requirements have been complied with. It is provided in clause eleven of section eleven of said act that the statement of claim must set out " when and how notice was given to the owner of an intention to file a claim." The claimant has met this requirement by an averment that " a written notice of intention to file this claim, duly prepared, filed and sworn to, was served upon Samuel W. Evans, owner, on February 19, 1903, by delivery to him personally by the claimant." This is the date when, and the manner how, the notice of intention to file was served. The act requires no more to be included in the claim. A copy of the notice need not be set out in the lien. Whether the form and substance of the notice are in compliance with the provisions of section eight, are matters to be deter-

mined at the trial. The object of this notice is to inform the owner of the demand and the nature thereof, in order that he may require payment by the contractor, or in default thereof withhold the amount from the contract price.

Judgment reversed, lien reinstated, amendment allowed and procedendo awarded.