# American Car & Foundry Company, Appellant, *v.* Alexandria Water Company.

*Mechanic's lien—Notice—Sworn statement—Contract—Act of June 4, 1901, P. L. 431.*

Under the Act of June 4, 1901, P. L. 431, relating to mechanics' liens, it is not necessary to set out a copy of the notice to the owner in the claim itself. An averment of the date when, and the manner in which, the notice was served, is a sufficient compliance with the requirements of the act.

The notice and sworn statement provided by the Act of June 4, 1901, P. L. 431, are sufficient to sustain a lien for water pipe, where such notice and statement set forth the contract, and specifications as to the size, weight and price of the water pipe, with averments as to the kind of pipe furnished, the amount due, the manner in which such amount was made up, and the date when the last of the material was furnished. In such a case it is not necessary that the notice should allege that the materials were furnished in accordance with the specifications of the contract.

A bill of particulars annexed to a mechanic's claim and filed therewith is to be taken as part of the lien.

It cannot be objected to a mechanic's lien filed under the Act of June 4, 1901, P. L. 431, that the lien is defective because the bill of particulars did not set forth "the kind of materials furnished" where it appears from the claim, the bill of particulars and the notice filed with it taken as a whole, that there could be no possible misunderstanding as to "the kind of materials furnished."

An objection to a mechanic's lien that it does not contain any averment that the material was shipped in accordance with the specifications of the contract, is unfounded, where it is expressly alleged that under the contract the subcontractors furnished the materials set forth in the bill of particulars.

A substantial compliance with the Act of June 4, 1901, P. L. 431, is sufficient, and this is shown to exist wherever enough appears, on the face of the statement, to point the way to successful inquiry. Adherence to the terms of the statute is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary, without in fact, adding anything to the security of the parties having an interest in the building sought to be encumbered. Certainty to a common intent has, therefore, always been held to suffice.

Argued April 17, 1906. Appeal, No 92, Jan. T., 1906, by plaintiff, from order of C. P. Huntingdon Co., May T., 1905, No. 23, striking off mechanic's lien in case of American Car & Foundry Co., Subcontractor, v. Alexandria Water Company, Owner or reputed owner, and William M. Powell & Co., Con-

tractor.   Before FELL, BROWN, POTTER, ELKIN and STEW-
ART, JJ.   Reversed.

Rule to strike off mechanic's lien.   Before WOODS, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the order of the court striking off the lien.

*H. H. Waite*, with him *C. C. Evans*, for appellant.—It will
be observed from an inspection of the act of 1901, that it does
not require the subcontractor to give to the owner a detailed
statement in the notice, such as is required in the mechanic's
lien, yet the subcontractor in this case in its notice, did set out
in detail the kind and character of the materials funished with
as much particularity as is required in the lien itself.   The act
does not require the subcontractor to give the kind and char-
acter of the materials furnished in the notice.   It only requires
that the kind of material and the date when the last material
was furnished, the amount the subcontractor claims to be still
due, and how made up.   All these, and even much more, is em-
braced in the notice served upon the owner in this case.   We
contend the act has been complied with in every respect, and
that the court below was clearly in error in assigning this as a
reason for striking off the mechanic's lien: Thirsk v. Evans,
211 Pa. 239.

All that is necessary is a substantial compliance with the
act of assembly: Este v. Penna. R. R. Co., 27 Pa. Superior Ct.
521; Lyon v. Mahon, 14 Pa. 56; McClintock v. Rush, 63 Pa.
203; Rush v. Able, 90 Pa. 153.

The bill of particulars was in proper form: Munger v. Sils-
bee, 64 Pa. 454; Haviland v. Pratt, 1 Phila. 364.

*Samuel I. Spyker* and *Thomas F. Bailey*, for appellee.—A
mechanic's lien, being purely statutory, there is no intendment
in its favor, and it should show upon its face all the statutory
requisites to its validity: Warton et al., v. Investment Co., 180
Pa. 168; Knelly v. Horwath, 208 Pa. 487; Wolf Co. v. Penna.
R. R. Co., 29 Pa. Superior Ct. 439; Collins v. R. R. Co., 29
Pa. Superior Ct. 547.

OPINION BY MR. JUSTICE POTTER, May 24, 1906 :

Two questions are raised by this appeal. 1. Whether or not the notice of the intention, on the part of the plaintiff to file a lien, complied with section 7 of the Act of June 4, 1901, P. L. 431. 2. Whether or not the lien filed by the plaintiff in this case complied with section 11 of the same act.

As to the notice, section 8 provides that " any sub-contractor intending to file a claim, must give to the owner written notice to that effect, together with a sworn statement setting forth the contract under which he claims, the kind of labor or materials furnished, and the date when the last work was done, or materials furnished. Such notice and statement must be served at least one month before the claim is filed, and within three months after the last of his work was done or materials furnished, if he has six months within which to file his claims."

Clause 11, of section 11 of the act, requires that when the contract is with other than the owner, the claim shall set forth when and how notice was given to the owner of an intention to file the claim. We decided in Thirsk v. Evans, 211 Pa. 239, that it is not necessary to set out a copy of the notice in the claim. An averment of the date when, and the manner in which, the notice was served is a sufficient compliance with the act in this respect. In the present case the notice and statement set forth in detail all that is required by the act. First, the contract under which the claim is made, comprising a series of letters which contain definite specifications of the size, weight and price of the cast iron bell and spigot water pipe, which was to be furnished to the contractor. Second, the amount due is set forth, and the date from which interest is claimed thereon. Third, the manner in which the claim is made up, appears, the statement showing it to be for a definite number of pounds, with the date on which it was furnished, and the price per ton, and per pound. Fourth, the kind of material furnished is set forth, as cast-iron water pipe, four and six inch, and also some special shapes. And, lastly, the date when the last of the said cast-iron water pipe was furnished, is given. The notice was evidently carefully prepared, with the intention of complying accurately with the act.

Counsel for appellee object to the notice, and allege that the kind of material furnished is not shown with sufficient defi-

niteness. We think the criticism is far-fetched. The notice stated that the kind of materials furnished was " cast-iron water pipe, four and six inch, and specials." The letters constituting the contract stated the weight and price of the various sizes of water pipe to be furnished. The statement of how the amount claimed is made up shows the number of pounds of each size of pipe furnished and the price charged. While the different sizes of pipe are not set out in this account, the respective prices are, and the various classes are thus clearly indicated. The maxim " Id certum est quod certum reddi potest " aptly applies. For instance, the first item of the account is 6,630 pounds of pipe at $31.00 per net ton. Turning to the correspondence we find that this was the contract price for four inch pipe. The second item is 31,314 pounds at $30.00 per net ton, which was the contract price for six inch pipe. Other items are charged at two and three-fourths cents per pound, which was the contract price for the special shapes. The notice would have given the owner no additional information as to the respective sizes of the pipe furnished, if they had been set out in detail with each item of the account. The prices agreed upon were by the pound, and therefore it was manifestly proper to state the account by the pound.

As to the objection that the notice does not allege that the materials were furnished in accordance with the specifications of the contract, the act does not prescribe such an averment. But the sworn statement which is part of the notice does aver that the letters, copies of which were contained in it, showed " the contract under which the said cast-iron water pipe and specials were furnished." If an averment such as appellee contends were necessary, this would certainly answer.

The court below has not indicated in what particulars the notice does not, in its opinion, comply with the act of assembly. It is difficult to see how a notice more strictly complying with the act could be drawn, although substantial compliance is all that is necessary. " The object of the notice," it is said in Thirsk v. Evans, 211 Pa. 239, " is to inform the owner of the demand, and the nature thereof," in order that he may protect himself in the manner provided in the act. The notice given was amply sufficient for this purpose.

Now as to the sufficiency of the claim. It would have been

better practice, if the wording of the act had been closely followed, and each requirement complied with in a separate paragraph. The statute numbers the requisite facts to be set forth, and it would be well to follow the order of the statute. If, however, the essential requirements are substantially complied with, it is sufficient.

The provisions of the act involved in this feature of the controversy are as follows: By section 11 of the Act of 1901, P. L. 431, the claimant is required to set forth, inter alia, " (4) a copy of his contract or contracts, if in writing, or a statement of the terms and conditions thereof, if any of them are verbal; (5) the kind and character of the labor or materials furnished, or both. (6) When the contract is with other than the owner or not for an agreed sum, a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for each thereof; (11) When the contract is with other than the owner, when and how, notice was given to the owner of an intention to file the claim."

It is suggested in behalf of appellee that the claim is fatally defective in failing to state the kind and character of the materials furnished with the particularity required by the act. But the claim asserts, " That under said contract with the said Wm. M. Powell & Company, contractor, the said American Car & Foundry Company sub-contractor, furnished the materials set forth in the bill of particulars attached hereto and marked Exhibit A, and which bill the said claimant prays, may be taken and made a part of this lien, said materials being furnished by the said claimant upon the credit of the said pipe line, water works plant and system, rights, franchises and privileges of said water company, at the times, in the quantities and at the prices set forth in said bill of particulars."

This court has repeatedly held, under prior similar statutes, that the bill of particulars is to be taken as part of the lien. Thus in Wilvert v. Sunbury Boro., 81 * Pa. 57, it is said " The bill of particulars annexed to the statement is as much a part of it, as if it had been incorporated in the statement itself." To the same effect is School v. Gerhab, 93 Pa. 346.

It may be that the bill of particulars considered by itself, and as a detached paper, if it contains only dates, pounds, prices and amounts, does not designate " the kind of materials furn-

ished." But reading the contract as made up by the letters, and taking the claim, the bill of particulars and the notice filed with it, as a whole, it is not possible to misunderstand that "pounds," meant pounds of cast-iron water pipe, and that the price of $31.00 per net ton applied under the contract to four inch pipe, and $30.00 to six inch and eight inch pipe, and that two and three-fourths cents per pound was the price of the special shapes furnished. It appears from the amendment filed on October 4, 1905, that 68,055 pounds of eight inch pipe was furnished and paid for. By the contract it seems that thirty-four tons of eight inch pipe were required. This would be 68,000 pounds. It is therefore apparent from the claim, bill of particulars and amendment, that the remaining pipe furnished at $30.00 a ton and not paid for was all six inch pipe.

Appellee also objects to the claim because it does not contain any averment that the pipe was shipped in accordance with the specifications of the contract. But it is expressly alleged that "under said contract with Wm. M. Powell & Company, contractors, the said American Car & Foundry Company, sub-contractor, furnished the materials set forth in the bill of particulars." This is certainly a sufficient averment of this fact. There is no substance in the objection that the notice claims a lien for materials furnished between September 23 and November 27, 1903, while the lien filed contains items from September 17, to November 27, because it plainly appears that credits are allowed for payment of all material furnished prior to September 23. The notice and claim, therefore, correspond as to all items for which a lien is claimed.

Justice BELL gave utterance to a principle, in considering the act of 1836, which is equally appropriate to the statute now before us. In Knabb's Appeal, 10 Pa. 186, he said (p. 188): "The formal objections to the statements of the claims in question are made under the twelfth section, of the act of 1836. The great object of its several provisions is notice, and it has been truly said, an observance of them is essential to the safety of owners, purchasers, and other lien creditors, as furnishing some data by which, in case of dispute, they may be enabled to ascertain the truth: Noll v. Swineford, 6 Pa. 187. But all the cases agree that a substantial compliance is sufficient, and this is shown to exist wherever enough appears,

on the face of the statement, to point the way to successful inquiry. Adherence to the terms of the statute is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary, without in fact, adding anything to the security of the parties having an interest in the building sought to be encumbered. Certainty to a common intent has, therefore, always been held to suffice."

The court below has not stated any reasons for holding that the lien does not substantially comply with the requirements of the law, and our examination of the case, has satisfied us that it does.

The order of the court below striking off the lien, is therefore reversed, and the lien is reinstated.