## McVey v. Kaufmann, Appellants.

*Mechanics' liens—Subcontractors—Notice of intention to file—Contract—Act of June 4, 1901, P. L. 431.*

1. Those who would enjoy the benefits of the mechanic's lien act can do so only by complying with its requirements.

2. A condition precedent to the right of a subcontractor to file a lien is that he has given to the owners of the building written notice of his intention to file it, together with a sworn statement setting forth the contract under which he claims, the amount alleged to be still due and how made up, the kind of labor or materials furnished and the date when the last work was done or materials were furnished.

3. If a notice by a subcontractor of an intention to file a lien is defective, the owner does not by pleading to the scire facias on it, waive his right to make defense on the trial that a condition of the right to file the lien had not been complied with.

4. Although notice of an intention to file a lien must be given by a subcontractor to the owner of the building before a valid lien can be filed, the notice forms no part of it. All that need appear on the face of the lien is "when and how notice was given."

5. Where a subcontractor notifies the owner of his intention to file a lien, he must set forth in his notice the contract between himself and the contractor.

6. A mere statement in the notice that a contract existed without stating the date, or any of its terms, or whether it was written or oral, is insufficient.

Argued Oct. 22, 1908. Appeal, No. 70, Oct. T., 1908, by defendants, from judgment of C. P. No. 2, Allegheny Co., July T., 1905, No. 831, on verdict for plaintiffs in case of James S. McVey and John McMurray, partners as the Iron City Heating

Company, v. Isaac Kaufmann et al., trading as Kaufmann Brothers. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Reversed.

Scire facias sur mechanic's lien. Before Frazer, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiffs for $3,886.55. Defendants appealed.

*Error assigned* was in refusing binding instructions for defendants.

*J. Rodgers McCreery*, with him *Robbin B. Wolf*, for appellants.—The statutory provision, requiring the contract to be set forth, is mandatory, and compliance with its provisions is required: Westmoreland Guarantee B. & L. Assn. v. Connor, 216 Pa. 543; Tenth Nat. Bank v. Smith Const. Co., 218 Pa. 581; Collins v. R. R. Co., 29 Pa. Superior Ct. 547; Wharton v. Investment Co., 180 Pa. 168; Knelly v. Horwath, 208 Pa. 487; Thirsk v. Evans, 211 Pa. 239; American Car, etc., Co. v. Alexandria Water Co., 215 Pa. 520.

*Ambrose B. Reid*, with him *A. V. D. Watterson* and *H. F. McGrady*, for appellees.—All technical defenses to the lien in this case have been waived by the defendants going to trial upon the plea filed: Lee v. Burke & Glass, 66 Pa. 336; St. Clair Coal Co. v. Martz, 75 Pa. 384; McKelvey v. Jarvis, 87 Pa. 414; Scholl v. Gerhab, 93 Pa. 346; Klinefelter v. Baum, 172 Pa. 652; Boro. of Norristown v. Fornance, 1 Pa. Superior Ct. 129; Bernheisel v. Smothers, 5 Pa. Superior Ct. 113; Fahnestock v. Speer, 92 Pa. 146; Howell v. Philadelphia, 38 Pa. 471.

The notice of intention to file the lien given by the plaintiffs to defendants was sufficient compliance with the provisions of the mechanic's lien law of June 4, 1901: American Car, etc., Co. v. Alexandria Water Co., 215 Pa. 520; Este v. Penna. R. R. Co., 27 Pa. Superior Ct. 521; Thirsk v. Evans, 211 Pa. 239.

Opinion by Mr. Justice Brown, January 4, 1909:

The claim filed in this case is that of subcontractors. A con-

dition precedent to their right to file it was that they had given Kaufmann Brothers, the owners of the building, written notice of their intention to file it, together with a sworn statement setting forth the contract under which they claimed, the amount alleged to be still due and how made up, the kind of labor or materials furnished and the date when the last work was done or materials were furnished. This is the requirement of sec. 8 of the Act of June 4, 1901, P. L. 431. The sixth point presented by the defendants on the trial asked that a verdict be directed for them because the notice of the intention to file the lien was not in compliance with the statutory requirement. This was refused, and from the judgment on the verdict for the plaintiffs the defendants have appealed, alleging error in the court's refusal of their sixth point, because the sworn statement attached to the notice served upon them of the intention to file a lien did not set forth the contract under which the subcontractors claimed.

If the notice of the intention to file the lien was defective, the appellants did not, by pleading to the scire facias on it, waive their right to make defense on the trial that a condition of the right to file it had not been complied with. Though notice of an intention to file a lien must be given by a subcontractor to the owner of the building before a valid lien can be filed, the notice forms no part of it. All that need appear on the face of the lien is "when and how notice was given." These are the words of clause 11, sec. 11 of the act of 1901; and in interpreting them we have said: "A copy of the notice need not be set out in the lien. Whether the form and substance of the notice are in compliance with the provision of sec. 8 are matters to be determined at the trial:" Thirsk v. Evans, 211 Pa. 239. The notice being no part of the lien, the only remedy for a defect in it is not, as counsel for the appellees contend, to move to strike it off, but defense may be made on the trial that there was no right to file it, though regular on its face, just as such defense may be made, if, as a matter of fact, the lien was filed too late or the labor or materials were not furnished. It is a substantive defense on a matter dehors the lien.

The sworn statement attached to the notice of the appellees

of their intention to file their claim was in the following form: "Before me personally came James S. McVey, of the Iron City Heating Company, who signed the foregoing notice and being by me duly sworn according to law did depose and say that the contract under which he claims is as follows: for work and labor done and material furnished in and about the construction of the Kaufmann Building, corner of Diamond street and Cherry Alley, Pittsburg, Pa.; that the amount still due and owing to him under said contract is the sum of Thirty-three hundred fourteen 40/100 dollars with interest from November 10, 1904, which is made up as follows, to wit: (here insert debts and items with credits if any): Attached hereto find Exhibits 'A,' 'B,' 'C,' 'D,' 'E,' and 'F' and made part hereof. That the kind of labor furnished was the pipes, fittings and labor for connecting boilers for C. H. Bradley, Jr., & Co., the contractors for the furnishing and erecting of boilers in said Kaufmann Building (the materials furnished),. pipes and fittings and valves and the date when the last labor (or materials) was furnished was on the tenth day of November, 1904. James S. McVey. Sworn to and subscribed before me this 7th day of February, A. D. 1905. Geo. Johnston, Notary Public." Neither in the notice nor in the attached affidavit is the contract set forth under which the appellees claimed. Nothing can be gathered from them as to a contract between the subcontractors and the contractor except that there was one. The date of it is not given, not one of its terms is stated, and whether it was written or verbal no one can tell. The six exhibits are mere itemized bills made out to the contractor for the labor and materials furnished. Under the notice the appellees might have proved any kind of a contract with the contractor, and the notice of their contract, instead of being a substantial compliance with the statute, as the learned trial judge held in overruling the motion for judgment for the defendants, n. o. v., was no compliance at all. Not even the contract price for what had been furnished was given. From all that the owners could have learned from the notice as to the contract between their contractor and the subcontractors the reference to it might as well have been omitted altogether. The evident purpose of the re-

quirement that a subcontractor must set forth in his notice to the owner of the building the contract under which he claims, is to enable the owner to know just what the rights of the claimant are and to protect himself accordingly. If this contract had been to furnish labor and materials in consideration and payment of existing indebtedness of the subcontractors to the contractor, the owners could safely have disregarded the notice and settled with their contractor; or, if the amount claimed had been in excess of the price stipulated in the contract, the owners could have settled with their contractor, knowing that their building would not be liable for more than the contract price for the labor and materials furnished by the subcontractors. Other illustrations might be given of the wisdom of the legislature in requiring that the contract of a subcontractor be set forth in his notice of an intention to file a lien, but they are not needed, for those who would enjoy the benefits of the mechanics' lien act can do so only by complying with its requirements: Westmoreland Guarantee Building & Loan Association v. Connor, 216 Pa. 543; Tenth National Bank of Philadelphia v. Smith Construction Co., 218 Pa. 581.

The assignments of error are sustained, the judgment below is reversed and is entered here for the defendants.