## Bametzrieder, Appellant, *v.* Canevin.

*Mechanic's lien—Notice to owner—Subcontractor—Acts of June 4, 1901, sec. 8, P. L. 431, and April 17, 1905, P. L. 172.*

Under the Act of June 4, 1901, sec. 11, P. L. 431, as amended by the Act of April 17, 1905, P. L. 172, a mechanic's lien filed by a subcontractor must set forth when and how service of notice of intention to file the lien was made upon the owner. If the lien does not set forth when and how service of notice was made, it is not self-sustaining, and will be stricken off on motion.

Submitted May 2, 1910. Appeal, No. 49, April T., 1910, by plaintiff, from order of C. P. No. 2, Allegheny Co., July T., 1908, No. 58, M. L. D., making absolute rule to strike off mechanic's lien in case of Henry Bametzrieder v. Right Reverend Regis Canevin, Roman Catholic Bishop of the Diocese of Pittsburg, Trustee for St. Canice Roman Catholic Congregation of the Borough of Knoxville, Pennsylvania, Owner or reputed Owner, and A. R. Snee and T. R. Snee, partners doing business as Snee Brother, Contractors. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule to strike off mechanic's lien. Before HAYMAKER, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order making absolute the rule to strike off the lien.

*Pier Dannals,* for appellant.

*Chas. D. Gillespie, A. V. D. Watterson* and *A. B. Reid,* for appellee.

OPINION BY MORRISON, J., July 20, 1910:

The mechanic's lien in this case was filed May 20, 1908,

and on July 25, 1908, a rule was granted on defendants' petition to show cause why the lien should not be stricken from the record. The rule was duly served and argued, and on June 9, 1909, it was made absolute and an opinion of the court filed and an exception allowed to the plaintiff.

The reasons for striking off the lien, which was filed by the subcontractor, were as follows: (a) "Neither the claim nor the records disclose any notice of an intention to file a lien served upon petitioners as owners, nor were any such notices in fact served." (b) "The said claim does not specify whether the contract in pursuance of which the work is alleged to have been done, and materials furnished, was oral or written." (c) "Neither the claim nor the bill of particulars annexed thereto is in accordance with the law, in this, that they merely present a lump charge for an alleged contract price, and do not specify the dates on which the materials alleged to have been furnished and the labor alleged to have been performed, were furnished and performed, nor the prices of the items thereto annexed."

The learned court below said: "The first objection is fatal to this lien. The record does not show that notice of an intention to file a lien was given to the owner before the lien was filed. The eighth section of the Act of June 4, 1901, P. L. 431, provides: "Any subcontractor, intending to file a claim, must give to the owner written notice to that effect, together with a sworn statement setting forth the contract under which he claims, the amount alleged to be still due and how made up, the kind of labor or materials furnished, and the date when the last work was done or materials furnished. Such notice and statement must be served at least one month before the claim is filed, and within three months after the last of his work was done or materials furnished, if he has six months within which to file his claims. . . .

"The concluding part of this section and almost the whole of section nine provide the means by which the

owner may not only protect himself, but under certain circumstances, can pay the subcontractor. It is therefore imperative that this notice should precede the filing of the lien and that the lien should show upon its face that it was given. In Wolf v. Penna. R. R. Co., 29 Pa. Superior Ct. 439, Justice PORTER, after quoting so much of sec. 8 as relates to the case we have in hand, said: 'These provisions are mandatory, compliance with them is a condition precedent to the right to file a lien.' "

The learned counsel for appellant says in his argument: "The court below held that the lien in question was fatally defective, because (1) it did not set forth when and how notice was given to the owners of an intention to file the lien; and (2) that it did not show the prices of the various items of work and materials. The latter question has since been passed upon by the Supreme Court in Willson v. Canevin, 226 Pa. 362, where it was held that the price of each item need not be set forth; so that the only question to be decided on this appeal is whether it is necessary, since the Act of April 17, 1905, P. L. 172, that a mechanic's lien filed by a subcontractor shall set forth when and how service of notice of intention to file the lien was made upon the owner."

In our opinion the cases cited by the counsel and McVey v. Kaufmann, 223 Pa. 125, rule both of the questions suggested by the counsel. The opinion in the latter case was filed by Mr. Justice BROWN on January 4, 1909, and it is there held, as stated in the syllabus: "A condition precedent to the right of a subcontractor to file a lien is that he has given to the owners of the building written notice of his intention to file it, together with a sworn statement setting forth the contract under which he claims, the amount alleged to be still due and how made up, the kind of labor or materials furnished, and the date when the last work was done or materials were furnished.

"Although notice of an intention to file a lien must be given by a subcontractor to the owner of the building before a valid lien can be filed, the notice forms no part

of it.   All that need appear on the face of the lien is when and how notice was given."

The opinion by Mr. Justice MESTREZAT in Willson v. Canevin, supra, plainly recognizes that sec. 8 of the act of June 4, 1901, above quoted, is still in force.   The learned judge says: "As we have uniformly held, a mechanic's lien is the creature of statutory law, and he who would avail himself of the provisions of the statute must show a substantial compliance therewith.   It is only upon this condition that he has the right to enforce payment of his claim against the land for the labor or materials which are used in the improvement.   This is especially true where a subcontractor attempts to enforce his claim against the property of the owner.   There is no privity between him and the owner.   The latter has made no contract with him to supply labor or material and has no knowledge of the contract or the terms between him and the contractor for supplying labor or materials.   When, therefore, a subcontractor notifies the owner of his claim he must do so in substantial compliance with the statute."

In Knelly v. Horwath, 208 Pa. 487, it is said: "A mechanic's lien is purely statutory and a compliance with the statutory requirements is necessary in order to give it validity.   There is no intendment in its favor.   It must be self-sustaining and must show on its face that it is such a lien as the statute authorized the claimant to file.   This has been the uniform course of decisions under former acts."   The Supreme Court holds in the cases above cited that sec. 8 of the act of June 4, 1901, is still in force, and counsel for appellant concedes this in his printed argument.   Without that section a subcontractor could not file a mechanic's lien, but his right to file such lien only exists after giving the owner a written notice to that effect.   Such being the law, how can a subcontractor's lien be self-sustaining without averring in the lien that he gave the required notice?   If no such notice be averred, on the face of the lien, it is not self-sustaining and, of course, will be stricken off on motion.

In the light of the three decisions especially referred to above, and the Act of June 4, 1901, P. L. 431, as amended by the Act of April 17, 1905, P. L. 172, we hold that the lien in the present case is fatally defective in not averring when and how notice was given of the claimant's intention, a subcontractor, to file a lien. We, therefore, hold that the learned court below was right in striking off the lien for the first reason assigned, but we cannot sustain the court in holding that the third objection is equally as fatal as the first. The lien was filed for material and work under a complete contract and we think the averment in the lien, with the bill of items attached, brings the claim squarely within the rule on that subject found in Willson v. Canevin, 226 Pa. 362.

The assignment of error, that the court erred in making absolute the rule to strike off the mechanic's lien is overruled, and the order is affirmed. And it is further ordered that the appellant pay the costs of this appeal.