# Heist *v.* Montayne (No. 1).

*Mechanic's lien—Amendment—Subcontractor—Notice of intention to file lien—Act of June 4, 1901, P. L. 431.*

1. A subcontractor who has filed a mechanic's lien without averring that he had given notice to the owner of his intention to file a lien, may, after the expiration of the statutory period within which the lien could be filed, amend his claim so as to aver the fact that such notice had been given, the contents of such notice, and the time, place and manner in which it had been served. The Act of June 4, 1901, P. L. 431, which provided for such notice also provided for amendments of the claim, and these provisions of the statute taken together are not an advance upon the law as it stood at the time of the adoption of the constitution of 1874.

*Mechanic's lien—Defective lien—Amendable lien—Intervening purchaser.*

2. A person who has purchased real estate against which there has been filed a defective, but amendable mechanic's lien, and who has paid only $200 of the $4,000 purchase money, has no standing as an intervening purchaser within the meaning of the Act of June 4, 1901, P. L. 431, to object to an amendment of the lien, where it appears that

the amount of the lien is only $200. He may discharge the lien by paying it out of the unpaid balance of the purchase money in his hands.

Argued Dec. 2, 1912. Appeal, No. 5, Oct. T., 1912, by Wayne Herkness, from judgment of C. P. Montgomery Co., June T., 1911, No. 21, on verdict for plaintiff in case of George D. Heist, trading as G. H. Heist & Son, v. Edward Montayne, contractor, and John Gundlach, owner or reputed owner, and Wayne Herkness, intervening defendant. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Scire facias sur mechanic's lien. Before SWARTZ, P. J., and WEAND, J.

The facts are stated in the opinion of the Superior Court. At the trial the jury rendered a verdict by agreement in favor of the plaintiff for the amount of the claim with interest, subject to the right of the intervening defendant to appeal from the order of the court discharging rule to strike off the lien, and making absolute the rule to amend the lien.

*Errors assigned* were the orders on the respective rules.

*Samuel H. High*, with him *John Faber Miller*, for appellant.—An amendment, the effect of which would be to create a lien where none existed before, will not be allowed after the right of lien has been barred: May v. Mora, 12 Lack. Jurist, 328; Hiestand v. Heath, 27 Lanc. Law Review, 225; McFarland v. Schultz, 168 Pa. 634; Page v. Carr, 232 Pa. 371.

Appellant's right to have the lien maintained, as it was when he purchased, was superior to plaintiff's right to amend, if he had such a right, and owing to this superiority plaintiff could not amend: Black v. Dobson, 11 S. & R. 94; Meehan v. St. Paul, etc., Ry. Co., 86 N. W. Repr. 19.

*Henry Freedley*, with him *George Heist*, for appellee, cited: Winton v. Benore, 28 Pa. Superior Ct. 27; Thirsk v. Evans, 211 Pa. 239; Day v. R. R. Co., 224 Pa. 193; May v. Mora, 50 Pa. Superior Ct. 359.

OPINION BY PORTER, J., July 16, 1913:

This is a scire facias upon a mechanic's lien, in which the plaintiff recovered a verdict and judgment in the court below and the defendant Herkness, the present owner of the property, appeals. Montayne had contracted with Gundlach to erect a building upon land of which the latter was the owner. Heist became a subcontractor under Montayne, furnishing to the latter material for the building, the last item of said material being furnished on August 15, 1910. Montayne having failed to make full payment to Heist for the material so furnished, the latter, on February 11, 1911, filed the claim upon which this proceeding is founded. The claim when filed failed to aver that the claimant, a subcontractor, had given notice to the owner of his intention to file a lien. Gundlach, on April 4, 1911, conveyed the property to Herkness, who on the eleventh of the same month presented his petition for leave to intervene in the action and moved the court to strike off the claim, for the reason that it failed to aver that notice had been given to John Gundlach, the owner, of any intention to file a lien. The court permitted Herkness to intervene in the action and defend, and granted a rule on the claimant to show cause why the claim should not be stricken off. The plaintiff filed an answer alleging that Herkness was not the owner of the premises, but the custodian of the title for Gundlach, and that the former had paid a mere nominal consideration for the property. The answer further averred that due written notice of the intention to file said lien had been given to and served upon John Gundlach, the owner, in accordance with the provisions of the statute, on November 14, 1910, and prayed for leave to amend the claim, or lien, by adding thereto an averment that such written

notice had been given, and attaching thereto a copy of said notice, as an exhibit. The court thereupon granted a rule on the defendants to show cause why the claim should not be amended. The court after a hearing discharged the rule to show cause why the lien should not be stricken off and made an order permitting the plaintiff to amend the claim, by adding the averment of notice to the owner of an intention to file a lien and attaching a copy of the notice. The appellant assigns for error this action of the court below.

The lien as originally filed was not self-sustaining, the failure to aver notice to the owner of an intention to file a lien was a material defect, and if it was not a subject of amendment, after the expiration of the time when a valid lien could have been filed it should have been stricken off: Bametzrieder v. Canevin, 44 Pa. Superior Ct. 18. Was the amendment in this case properly allowed? The amendment was clearly within the scope of the provisions of the fifty-first section of the Act of June 4, 1901, P. L. 431; Thrisk v. Evans, 211 Pa. 239. It is suggested, on behalf of Herkness who was alleged to have purchased after the lien was filed, that this section of the statute cannot be invoked against him, for the reason that it expressly provides that "Such amendment shall be of right, saving intervening rights." The argument is that Herkness, as a purchaser, has an intervening right which is prejudiced by the allowance of the amendment making the lien valid. The plaintiff in his answer to the rule obtained by Herkness explicitly asserted that Herkness was not a bona fide purchaser. The deed under which Herkness took the property recited a nominal consideration of $1.00. In order to meet the allegation of plaintiff's answer the deposition of Herkness was taken, and he testified that he had agreed to pay $4,200 for the property, of which amount he had paid $200 in cash and had given a mortgage in the sum of $4,000 for the balance which he was to pay. The equity of a purchaser arises out of his having paid the purchase money; the unpaid balance of purchase money in his

hands is the property of the person from whom he has bought and he may properly apply it to the discharge of liens against the property. The only right which Herkness was entitled to have protected was the right to acquire the property upon payment of the $4,000 unpaid purchase money. There was in this case no evidence whatever which would have warranted a finding that that right could have been prejudiced by the enforcement of this mechanic's lien for a few hundred dollars.

But it is argued that if the fifty-first section of the Act of June 4, 1901, P. L. 431, be construed to mean that an amendment of this character may be allowed after the expiration of the six months within which a valid lien could have been filed, the effect is to extend the period after the completion of the work on a building within which a lien can be filed, and that this is in conflict with sec. 7, art. III, of the constitution of 1874. Several of the provisions of the act of 1901 have been held to violate this provision of the constitution, and after reviewing those decisions it was said by Mr. Justice POTTER, in Page v. Carr, 232 Pa. 371, "The result of the decisions above noted, is to make it clear that any provision of the act of 1901 which is clearly divergent from and is an advance upon the law as it stood prior to the constitution of 1874, is to be regarded as invalid." These decisions are referred to in the opinion of President Judge RICE in the cases of Sumption v. Rogers, 53 Pa. Superior Ct. 109, and Malone v. Hosfeld, 53 Pa. Superior Ct. 134. In Sumption v. Rogers, we held that a lien which, prior to the constitution of 1874, would have been held to be defective in substance, in a material part, going to the jurisdiction, could not be amended after the time allowed by the statute for filing had expired, although the more liberal provisions of the act of 1901 might have permitted such amendment. The provisions of the act of 1901 with regard to amendments cannot be made effective, after the expiration of the time during which a valid lien must be filed, to save or resuscitate a lien which would have under. previous legislation

been fatally defective. This is for the reason that to allow such amendments would be practically an extension of the time within which a lien might be filed, and would so make the act of 1901 "clearly divergent from, and an advance upon the law as it stood prior to the constitution of 1874." The statutes allowing mechanics' liens is special legislation giving a peculiar remedy to a class of creditors. The provisions of the act of 1901 which have been held to violate the constitution, were not held to be unconstitutional upon the ground that the legislature had no authority to change this particular law, but upon the ground that they were not only divergent from but were an advance upon the law as it stood prior to the constitution of 1874. Those provisions gave a particular class of creditors some remedy or right which they had not before enjoyed, or relieved them of some burden to which they had before been subject. In none of the cases has it been held that it was not within the legislative power to limit and restrict the peculiar rights and remedies which this particular class of creditors had enjoyed at the time the constitution of 1874 was adopted. Unless the legislature has authority to impose additional restrictions and limitations upon the remedy given for the collection of money by mechanic's lien, then the requirement of the act of 1901 that those who sought to avail themselves of this remedy must give notice to the owner of the building of their intention to file a lien, was itself unconstitutional and invalid. This provision has been sustained and enforced in so many cases, by the Supreme Court, that its validity and constitutionality cannot be questioned. When the constitution of 1874 was adopted the law did not require a mechanic's lien claimant to give notice to the owner of his intention to file a lien or to aver in his claim, when filed, that he had given such notice. The lien with which we are now dealing would have been valid prior to the approval of the act of 1901. The legislature lawfully provided by the act of 1901 that a mechanic's lien claimant must, before filing his claim, give notice to the owner

of his intention to do so and that he must in his claim aver that he had given such notice. In the same statute it enacted that the claim which it authorized to be filed might be amended, after the expiration of the period in which it was required to be filed. The same statute which imposed the restriction on the peculiar remedy and required the incorporation in the claim when filed of the assertion as to notice, provided for the amendment. These provisions of the statute, taken together, were not an advance upon the law as it stood at the time of the adoption of the constitution of 1874, but were, on the contrary, a restriction upon the remedy. The claimant must give notice to the owner, he must aver in his claim that he had so given notice, but he may amend his claim after the expiration of the six months within which he is required to file it. We are of opinion that the provisions of the fifty-first section of the statute, in so far as they refer to the averment of notice of the intention to file a claim is involved, are valid.

The judgment is affirmed.