Intercoastal Lumber Distributors, Inc., Appellant, v. Derian et al.

Argued September 26, 1934.

Before Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Samuel M. Sharkis,* for appellant.

*Robert Mair,* and with him *Wayne P. Rambo,* for appellee.

OPINION BY PARKER, J., April 15, 1935:

The plaintiff, Intercoastal Lumber Distributors, Inc., filed a mechanic's lien against a lot in the city of Philadelphia, the buildings thereon, and the curtilage, naming O. Derian as "reputed real owner," and Azaria S. Bakalian as "registered owner." The owner, O. Derian, then presented a petition to a court of common pleas to strike off the lien, alleging: "1. Said mechanic's lien claim does not aver and show on its face that Gustino Brothers, with whom claimant made its oral contract for the furnishing of the material set forth in said lien, contracted with your petitioner, who is named as real owner. 2. Said mechanic's lien claim does not aver and show that the materials for which said lien is filed were used in the erection and construction of the building against which said lien was filed." The court below struck off the lien and claimant has appealed.

The caption of the original claim was as follows: "Intercoastal Lumber Distributors, Inc. v. O. Derian, reputed real owner, and Azaria S. Bakalian, registered owner, and Gustino Bros., contractors." It was not stated in so many words in the body of the lien that

Gustino Brothers were the contractors. It was averred, however, as follows: "The said sum of $230.12, is the amount due under the oral contract between the said Gustino Bros., and the Intercoastal Lumber Distributors, Inc., for the furnishing of said lumber and other materials as more fully set forth in Exhibit "A" attached hereto and made part hereof. The said materials were furnished at the request of Gustino Bros. and were supplied for and towards the construction of and on the credit of the said building and lot of ground, with the curtilage appurtenant thereto."

The eleventh section of the Mechanic's Lien Act of June 4, 1901, P. L. 431, as amended by Act of April 17, 1905, P. L. 172 (49 PS 53), provides in part as follows: "Every person entitled to such lien shall file a claim, or statement of his demand, in the office of the prothonotary of the court of common pleas of the county in which the building may be situate, which claim shall set forth: 1. The names of the party claimant and of the owner, or reputed owner, of the building, and also of the contractor, architect or builder." The lower court held that while the claim definitely alleged an oral contract between the claimant and Gustino Brothers, there was not any averment of any relationship between Gustino Brothers and the owner and that the claim was, therefore, not self-sustaining. Was the naming of the contractor in the caption sufficient compliance with the act of assembly?

"A pleading must be construed as an entirety, including the caption, and a count must be construed as a whole. Effect should be given to every part of the pleading, and all parts will, if the language permits, be so construed as to be consistent with each other": 49 C. J. 116. Although it is undoubtedly better practice to name the contractor in the body of the lien, it

has long been a common practice to name both the owner and the contractor in the caption. We are of the opinion that the naming of, Gustino Brothers as contractors in the caption was a sufficient notice to point the way to a successful inquiry by the owner as to the relationship of the contractor to the owner and the validity of the claim in that respect. "All the cases agree that a substantial compliance is sufficient, and this is shown to exist wherever enough appears, on the face of the statement, to point the way to successful inquiry. Adherence to the terms of the statute is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary, without in fact, adding anything to the security of the parties having an interest in the building sought to be encumbered. Certainty to a common intent has, therefore, always been held to suffice": Amer. Car & Foundry Co. v. Alexandria Water Co., 215 Pa. 520, 525, 526, 64 A. 683. Again, in Calhoun v. Mahon, 14 Pa. 56, 58, the Supreme Court said: "We must not be hypercritical, when scanning this species of lien, and estimating its sufficiency. Such a practice must necessarily defeat a very large majority of them; a result not to be desired where they furnish sufficient data to enable the parties subject to them, to ascertain all that is essential for them to know." It would be idle to suggest that the owner of this building, from an inspection of the paper filed, would not know the person alleged to be the contractor.

We have been unable to find, and counsel have not called our attention to, any decision of the appellate courts of this state discussing the place which a caption has in a pleading as applicable to the immediate question under consideration. However, in a case before a court of quarter sessions in Dauphin County,

in an election contest, one of the necessary essentials of a petition was not averred in the body of the petition and it was necessary to have reference to the caption to determine the office which was in dispute. There, that court said: ''These words in the caption disclose and define the subject-matter of the petitions and are to be regarded as an integral part of the petitions'': Stroup's Election, 21 D. R. 1033. An analogous situation arose in the consideration of a caption to an indictment in the case of State v. Conley, 39 Me. 78. The caption commenced, ''State of Maine, Cumberland, SS'' and there was no particular averment in the body of the indictment that the court where the indictment was found was held in the state of Maine, but the caption was resorted to for the purpose of showing that fact. It would seem to be drawing too fine a line to hold that this claim did not disclose who the contractor was.

In answer to the contention of the appellee and the court below that there was nothing in the paper to disclose any authority to charge the owner, we refer to Section 1 of the Mechanic's Lien Act of May 2, 1929, P. L. 1255 (49 PS 3), which provides: ''The word 'contractor' means one who, by contract or agreement, express or implied, with the owner or the one who acts for the owner, plans or superintends the structure or other improvement, or any part thereof; or furnishes labor, skill or superintendence thereto; or supplies or hauls materials, reasonably necessary for and actually used therein; or any or all of them, whether as an architect, superintendent, builder or material man.'' The designation of Gustino Brothers as contractors undoubtedly meant contractors as defined in the statute. The information that Gustino Brothers were contractors was all that was required to be given in this respect by Section 11, and it is not essential that

the terms of the contract between owner and contractor be set forth in the claim. Prior to the amendment of 1905 it was required that the claim set forth a copy of such contract, but this provision was omitted when the amendment was made.

Appellee relies not only on the fact that the contractor's name was not given in the body of the claim, but further urges that the claim must be self-supporting and that it must show the authority of the contractor to charge the owner. This position was sustained by the learned judge of the court below. Counsel supports his argument by drawing an analogy from the case of Bametzrieder v. Canevin, 44 Pa. Superior Ct. 18. After a careful review of that case, we are of the opinion that it was not correctly decided and should be overruled for the reasons which we will now give. In the Bametzrieder case, we held that since the Amendment of April 17, 1905, P. L. 172, "a mechanic's lien filed by a subcontractor shall set forth when and how service of notice of intention to file the lien was made upon the owner." In arriving at that conclusion we believe that this court misinterpreted what was decided in the case of McVey v. Kaufmann, 223 Pa. 125, 72 A. 503.

In the McVey case, the lien was for labor and materials furnished by a subcontractor. The date when the last labor was furnished was November 10, 1904, and a notice was given by the subcontractor to the owner of an intention to file a claim. This notice was sworn to on February 7, 1905, and we assume from the conclusion reached that it was served on the owner within three months after the last work was done or materials furnished and therefore necessarily before the Amendment of 1905. An examination of the record in the office of the prothonotary of Allegheny County shows

that the lien was filed on the 7th day of May, 1905. The 11th section of the Mechanic's Lien Act of June 4, 1901, required the claim to set forth eleven matters, the last of which was in part as follows: "When the contract is with other than the owner, or the claim is for alterations or repairs, or for fitting up old structures with machinery, gearing, boilers, engines, cars, or other useful appliances, *when and how notice was given to the owner* of an intention to file the claim." (Italics supplied.) The Amendment of 1905 omitted this requirement as well as a number of others and stated the matters to be set forth in the claim under three heads. By the 8th section of the Act of 1901, which, when the McVey case was decided, had not been amended, "any subcontractor, intending to file a claim, must give to the owner written notice to that effect, together with a sworn statement setting forth the contract under which he claims, the amount alleged to be still due and how made up, the kind of labor or materials furnished, and the date when the last work was done or materials furnished."

Now, it will be observed that the claimant in the McVey case acquired his right to a lien by virtue of the Act of 1901 and that the Amendment of 1905 was not effective until April 17, 1905, two months after the limit fixed for giving notice of an intention to file a lien. In other words, it was necessary for the claimant in that case to comply with the terms of the Act of 1901 as to giving notice to the owner and, if this was not done, the claimant lost his lien. This is most apparent, for Mr. Justice Brown, in writing the opinion in that case, never referred to the Act of 1905, but he did call attention to clause 11, section 11, of the Act of 1901 and said (p. 127): "The notice being no part of the lien, the only remedy for a defect in it is

not, as counsel for the appellees contend, to move to strike it off, but defense may be made on the trial that there was no right to file it, though regular on its face, just as such defense may be made, if, as a matter of fact, the lien was filed too late or the labor or materials were not furnished. It is a substantive defense on a matter dehors the lien.'' The questions in that case arose on a sci. fa. sur mechanic's lien and not on a motion to strike off, and what the court held was that the notice was defective. There is not a statement by the Supreme Court in that case which will support the interpretation which we gave to it in the Bametzrieder case, supra, and, on the contrary, the inferences are against such contention. When the Bametzrieder case was considered by this court, we apparently did not observe the fact that the notice in the McVey case was required to be given under the act as it stood before the amendment was made. Also, see Thirsk v. Evans, 211 Pa. 239, 60 A. 726, where it was held that even prior to the Amendment of 1905 it was not necessary to set forth in the claim a copy of the notice of intention to file a lien.

The legislature, by the original act as well as by the amendments, indicated a clear intention to prescribe exactly what should be set forth in a claim for a mechanic's lien. In addition, the fact that the act as amended omitted a requirement that was contained in the original act is a forceful reason for holding that such matter was intentionally omitted and is not now required to be part of a claim.

While Section 8 as amended by Act of March 24, 1909, P. L. 65 (49 PS 101), still forms a part of the Mechanic's Lien Law and prescribes facts which are necessary to be shown upon a trial of the case, we now hold that it is not required since the Amendment of 1905 that the claim set forth the facts as to when and

how notice was given to the owner of an intention to file a claim. This is precisely what Mr. Justice BROWN indicated the law was. We therefore, in the interest of uniformity and that it may not remain as a trap for the unwary, overrule the case of Bametzrieder v. Canevin, supra.

A mechanic's lien claim which sets forth all the facts required by Section 11 of the Mechanic's Lien Law as amended by the Act of 1905, cannot be stricken off because additional facts are not set forth, although the claimant on trial of the case is required to show the essentials of a good lien and defenses are open to an owner under any section of the act.

The second reason for striking off the lien was not pressed on oral argument or in the brief of the appellee. In that connection we refer to Section 3 (49 P.S 27) which is as follows: "Materials placed on or near the curtilage appurtenant to the structure or other improvement, or delivered to the owner or contractor for use therein, shall be presumed to have been used therein." The excerpt from the lien, which we have quoted above, contains an allegation that the materials were furnished to Gustino Brothers for the construction of and on the credit of the building and ground with the curtilage.

The order of the court below is reversed and the claim is reinstated.