Moss & Blakeley Plumbing Co. *v.* Schauer et ux., Appellants.

Argued April 30, 1942. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Irwin I. Tryon,* for appellants.

*T. F. Ryan,* with him *Joseph H. Bialas,* of *Bialas & Ryan,* for appellee.

OPINION BY RHODES, J., September 30, 1942:

The trial of this scire facias sur mechanic's lien resulted in a verdict for plaintiff. Prior to the issuance of the writ of scire facias defendants moved to strike off the claim, asserting that plaintiff had not set forth the name of the contractor. Subsequently a stipulation was entered into, and the rule granted on defendants' motion was discharged. Plaintiff thereupon issued a writ of scire facias, defendants filed an affidavit of defense, and plaintiff replied with a replication. Defendants' motions for judgment n.o.v. and a new

trial were dismissed, and from the judgment entered on the verdict defendants have appealed.

The principal question, as submitted by the statement of questions involved, is whether the notice of intention and the claim as filed met the requirements of the Mechanic's Lien Act of June 4, 1901, P. L. 431, as amended, 49 PS §1 et seq., with respect to the manner in which appellee set forth the name of the contractor. Appellants in their argument maintain that the notice of intention served upon them was, as a matter of law, insufficient, in that such notice did not with particularity set forth the name of the person with whom appellee contracted, and that the claim as filed was defective in that the requirements of section 11 of the Mechanic's Lien Act, supra, 49 PS §53, had not been met.

As to the notice of intention to file a lien, section 8 of the Mechanic's Lien Act, supra, 49 PS §101, provides, in part, as follows: "Any sub-contractor, intending to file a claim, must give to the owner written notice to that effect, verified by affidavit, setting forth the name of the party with whom he contracted ......" With reference to the claim, section 11 of that act, 49 PS §53, provides, in part, as follows: "Every person entitled to such lien shall file a claim, or statement of his demand, in the office of the prothonotary of the court of common pleas of the county in which the building may be situate, which claim shall set forth:

"1. The names of the party claimant and of the owner, or reputed owner, of the building, and also of the contractor, architect or builder."

In the notice and in the claim appellee averred that the person with whom it contracted was "either Liberty Housing Corporation, a corporation, acting through its officers, E. B. Hulley and Frank Pollock,[1] and/or said E. B. Hulley and Frank Pollock, jointly and/or

---

[1] Also appears in the record as "Pollick".

severally." In their affidavit of defense appellants averred that "their contract for the erection of said building was in writing and was with E. B. Hulley and F. Pollick, jointly, and with no other person, persons, corporation or combination thereof." The written contract is in the record, and discloses that it was made between appellants and "E. B. Hulley and F. Pollick, trading and doing business as Liberty Housing Company." Appellants concede that the materials furnished by appellee went into their building.

Appellee has not objected to the scope of the question involved or to the propriety of the procedure upon which such question is based. We shall not decide whether the procedure adopted by appellants for a disposition of their contention, both as to notice of intention and as to the claim, was proper (see *McVey et al. v. Kaufmann et al.*, 223 Pa. 125, 127, 72 A. 503; *Meier v. Harney and Duffy*, 99 Pa. Superior Ct. 229, 231; *Klinefelter et al. v. Baum*, 172 Pa. 652, 654, 33 A. 582; *Willson et al. v. Canevin et al.*, 226 Pa. 362, 364, 75 A. 666; *City of York v. Miller*, 254 Pa. 436, 98 A. 1049; *Bernheisel v. Smothers et al.*, 5 Pa. Superior Ct. 113, 114, 115; *Intercoastal Lumber Distributors, Inc., v. Derian et al.*, 117 Pa. Superior Ct. 246, 254, 178 A. 350), for it is clear, and needs no argument to demonstrate that, under these circumstances, there is no validity in the argument of appellants that the averment in the notice and in the claim did not comply with the requirements of the statute. Appellants' present objection apparently mistakes the fundamental purpose of the quoted sections of the statute. Moreover, reference to the evidence produced at the trial on the issues raised by the pleadings disclose that Hulley and Pollock did business under various names. On occasion they operated as individuals, at times as Liberty Housing Company, and then again as Liberty Housing Corporation. It is obvious that appellee, without having seen appellants' contract, would be unable to def-

initely state in what manner Hulley and Pollock characterized themselves in dealing with it and appellants in this instance. It is difficult to imagine in what respect appellants may have been harmed and in what manner the object and the purpose of the provisions of the act were ignored when appellee averred alternatively all the names known to it. At most they had a surplus of information. But the fact remains that appellants admittedly contracted with. Hulley and Pollock whose names were included in the averments concerning which appellants now complain. " 'The object of the notice,' it is said in *Thirsk v. Evans*, 211 Pa. 239 [60 A. 726], 'is to inform the owner of the demand, and the nature thereof,' in order that he may protect himself in the manner provided in the act": *American Car & Foundry Co. v. Alexandria Water Co. et al.*, 215 Pa. 520, at page 523, 64 A. 683, at page 685. The rule to be applied in testing the legal sufficiency of such averments is well summarized by Judge, now Mr. Justice, Parker, speaking for this court in *Intercoastal Lumber Distributors, Inc., v. Derian et al.*, supra, 117. Pa. Superior Ct. 246, at page 249, 178 A. 350, at page 351, as follows: " 'All the cases agree that a substantial compliance is sufficient, and this is shown to exist wherever enough appears, on the face of the statement, to point the way to successful inquiry. Adherence to the terms of the statute is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary, without in fact adding anything to the security of the parties having an interest in the building sought to be encumbered. Certainty to a common intent has, therefore, always been held to suffice': *Amer. Car & Foundry Co. v. Alexandria Water Co.*, 215 Pa. 520, 525, 526, 64 A. 683. Again, in *Calhoun v. Mahon*, 14 Pa. 56, 58, the Supreme Court said: 'We must not be hypercritical, when scanning this species

of lien, and estimating its sufficiency. Such a practice must necessarily defeat a very large majority of them; a result not to be desired where they furnish sufficient data to enable the parties subject to them, to ascertain all that is essential for them to know.' "

It is also true of the instant case, as was said in the opinion just quoted (117 Pa. Superior Ct. at page 249, 178 A. at page 351), that: "It would be idle to suggest that the owner of this building, from an inspection of the paper filed, would not know the person alleged to be the contractor."

There remains to be considered the assignments upon which the argument for new trial is based. We have examined all of them, and they do not merit extended discussion. These relate to rulings on testimony which, in most instances, was hearsay or irrelevant to any issues raised by the pleadings. In no instance was there any reversible error.

Appellants complain also of a portion of the charge of the court as to the inferences that might be drawn by the jury concerning the relationship between Hulley and Pollock and the Liberty Housing Corporation. No argument has been submitted which convinces us that appellants were harmed thereby.

The record reveals no error which would warrant us in granting a new trial. All the assignments of error are overruled.

Judgment is affirmed.