## Peluso v. Dixon et ux.

*Mechanics' liens — Description — Accuracy — Curtilage—Identification—*
*Building—Act of June 4, 1901, amended by Act of April 17, 1905.*

A rule to amend was discharged, and rule to strike off a mechanic's lien was made absolute, where the lien was filed against a lot described by metes and bounds "and the structure thereon," but what that structure was did not appear, such description being held not to comply with the requirements of the Act of April 17, 1905, P. L. 172.

Mechanic's lien. Rules to show cause why lien should not be stricken off and to show cause why lien should not be amended, etc. C. P. Allegheny Co., April T., 1923, No. 4.

Before Drew and Carpenter, JJ.

*Coleman Harrison,* for plaintiff; *J. B. Weddell,* for defendants.

CARPENTER, J., March 14, 1923.—We have before us two rules to show cause. Defendant moves to strike off the lien, and plaintiff asks leave to amend. Plaintiff cites section 51 of the Act of June 4, 1901, P. L. 431. Defendant cites section 8 of the same act, and section 11 as altered and amended by the Act of April 17, 1905, P. L. 172.

Section 51 provides, *inter alia,* that: "If the names of the owner and contractor be correctly stated, and the description of the property be reasonably accurate, the claim shall be sufficient notice to the owner, purchaser and lien creditors, though it may have to be amended in other particulars."

Section 8 provides that: "Any sub-contractor intending to file a claim must give to the owner written notice to that effect, together with a sworn statement, setting forth the contract under which he claims, the amount alleged to be still due, and how made up, the kind of labor or materials furnished, and the date when the last work was done or materials furnished."

Section 11 of the Act of 1901, as amended by the Act of 1905, provides (paragraph 3) that the claim shall set forth: "The locality of the structure or other improvement, with such description thereof as may be necessary for the purpose of identification, and a description of the real estate upon which the same is situate."

Section 2 of the Act of 1901 reads, in part, as follows: "Every structure or other improvement, and the curtilage appurtenant thereto, shall be subject to a lien for the payment of all debts due to the contractor or sub-contractor in the erection and construction or removal thereof, in the addition thereto, and in the alteration and repair thereof, and of the outhouses, sidewalks," etc., etc.

It will be noted (section 2) that it is the "structure" and the "curtilage" that are subject to lien. Section 3 of the Act of 1901 defines the term "curtilage," and paragraph 3 of the Act of 1905 requires that the claim set forth the locality of the structure "and such description thereof as may be necessary for the purpose of identification." The notice required by section 8 is no part of the lien: McVey *v.* Kaufmann, 223 Pa. 125. Failure to give the required notice may be pleaded as a defence.

In this case the lien is filed against a lot described by metes and bounds, "and the structure thereon," but what that structure is does not appear. In view of the requirements of the Act of April 17, 1905, P. L. 172, it is obvious the lien is fatally defective. True, in the 4th paragraph, it is said that the claim is for work done and materials furnished . . . for and about the erection and construction and upon the credit of the building described, but we

have no description of the building. It avers that a detailed statement of the kind and character of materials furnished and of the dates, prices, &c., is set forth in a bill of particulars annexed, but no such "statement" is attached.

Section 51, Act of 1901, provides that "the description of the property . . . may be amended so as to be made more accurate."

If the word "property" includes both the structure and the curtilage, and we have no doubt it does, we cannot say a lien which does not contain any description of the structure is "reasonably accurate" or that an amendment in such circumstances is within the purview of the act. Amending the lien in respect of "items and dates," and that is all plaintiff asks, would not validate the lien.

*Order.*—And now, March 14, 1923, the rule to amend is discharged and the rule to strike off the lien made absolute.

From Edwin L. Mattern, Pittsburgh, Pa.