## Delaware Valley Electric Company v. Haardt

*Thomas S. Howland,* for plaintiff.
*Virginia Funk,* for defendant.

BECKERT, *J.,* September 30, 1977 — Defendant filed preliminary objections to plaintiff 's mechanic's lien claim, alleging that a notice of intention to file the claim was never served upon the trustee-owner of the subject property and that the statement in the claim of work and materials furnished was defective in various respects. Thereafter, plaintiff, without leave of court or agreement of defendant, filed an amendment to its mechanic's lien claim to which defendant again filed preliminary objections, alleging, inter alia, that the amendment was improper for failure to comply with section 1504 of the Mechanics' Lien Law of August 24, 1963, P.L. 1175, art. V, sec. 504, 49 P.S. §1504, which, in relevant part, states that "A claim may be amended from time to time without prejudice to intervening rights *by agreement of the parties or by leave of court . . .*" (Emphasis supplied.)

Clearly, since there was no agreement to amend in this instance, permission of the court was required. Inasmuch as it was not obtained, plaintiff has failed to comply with the act, and its purported amendment would be subject to being stricken. Nevertheless, in the interest of expediency and because we can envision no resultant prejudice to defendant, we will allow the amendment nunc pro tunc and move on to the remaining objections to plaintiff 's claim.

Considering the original claim and the amendment together, we find ample description of the

hours spent and the kind and character of the labor and materials furnished, and we believe defendant should be able to easily determine therefrom the nature of the work performed upon which the claim is based. Accordingly, we will overrule defendant's objection that the claim lacks specificity.

The remaining issue, raised in defendant's preliminary objections to the original mechanic's lien claim, concerns whether the defendant-trustee was served with a notice of claimant's intention to file a lien. Cases decided under prior law have held that objections to lack of notice could not be raised by way of a motion to strike, inasmuch as the notice was not part of the lien and could not be considered dehors the record: McVey v. Kaufmann, 223 Pa. 125 (1909); Ronalds & Johnson Co. v. Rogers, 25 Dist. 25 (1915); Kihm-Bowen Machine Co. v. Midwest Steel & Supply Co. et al., 3 D. & C. 755 (1923). However, the Mechanics' Lien Law of 1963, sec. 505, broadly allows any party to a mechanic's lien proceeding to preliminarily object to a claim ". . . for lack of conformity with this act." 49 P.S. §1505. We believe that we might well be empowered thereby to dismiss a claim at the preliminary objection stage upon a showing that the prerequisite notice required by the act was not given, provided that such fact has been properly incorporated into the record. Here, it has not. Should defendant choose to supplement the existing record "by deposition or otherwise" as allowed under section 505, supra, then we will be willing to consider this issue at an appropriate later time. For the present, we are bound to dismiss the objection, without prejudice to defendant, as being premature.

## ORDER

And now, September 30, 1977, defendant's preliminary objections to claim for mechanic's lien are hereby dismissed and denied.