Russell M. Howe, Inc., Appellant, *v.* Beloff et al.

Argued October 14, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Irvin Stander,* with him *Julius J. Levis,* for appellant.

*Samuel Kravitz,* for appellees.

OPINION BY ARNOLD, J., January 8, 1948:

Plaintiff filed a mechanic's lien against the defendants, and after petition, rule and answer the court struck down certain items and the plaintiff appeals. The court's order was made on the ground that the claim did not disclose a contract between the plaintiff and the defendants, but between the plaintiff, as subcontractor, and one Abe Evans. Plaintiff did not deny that no notice had been given to the owner, but claimed that it was the prime contractor.

The original Mechanic's Lien Act of 1901, P. L. 431, required, inter alia, (clause 4) that the claim show a copy of the claimant's contract if in writing, or a statement of the terms and conditions if an oral contract.

By the amendment of April 17, 1905, P. L. 172, this clause was dropped, along with certain other requirements of the original Act. Under the amendment there are now only three required averments (49 PS §53). The claim here properly averred the name of the claimant and the owner, satisfying the first clause. It averred the amount claimed, the nature of the work done and the materials furnished, and the time when furnished, which satisfied the second clause. The locality of the improvement was fully described, thus satisfying the third clause.

The claim set forth: "2. The material and labor furnished . . . were according to *oral and written contracts between [the named] . . . . owners . . . and the claimant* . . ., entered into . . . from June 29th, 1946, to March 4th, 1947. Copy of the written agreement is attached . . . [and] marked Exhibit 'A' . . . Detailed statement of additional work not covered by the written agreement is set forth in Exhibit 'B' attached . . ." (Emphasis supplied).

The plaintiff unambiguously pleaded that the *owners contracted with it.* On a motion to strike, this averment must be accepted as a verity unless something appears which shows that it *could not* be true. The pleading is not that *one* contract (Exhibit A) was the *whole* agreement, unsupplemented by any oral contract; nor does it set forth that the additional work identified in Exhibit B was the *only* work done under an oral contract.

Plaintiff's Exhibit A reads as follows:

"PROPERTY AT N. W. COR. 3rd & Chestnut Sts.
ABE EVANS—CONTRACTOR

| | | | |
|---|---|---|---|
| Original Contract: — Plumbing | ..... | 3200.00 | |
| Heating | ...... | 2200.00 | |
| | Total — | 5400.00 | |
| Less reduction by mutual (Verbal) consent | ... | 200.00 | |
| | | 5200.00 | |

Extra work as ordered (A. Evans) as follows—
Four (4) extra Toilet Rooms at $300.00 Each . 1200.00
'CUTIN'S' for Soil—Hot and Cold Water
    Piping—Heat and Cesspool .............. 220.00
Cooling Piping ........................ 175.00
Rain Water Conductor changes ............ 95.00

                                               6890.00
Cash received to date on account of this
    work ............................. 5200.00

                                               1690.00
Canopy—Ordered by Art Silver, Inv. June
    29, 1946 ........................... 158.48

        Balance ..................... 1848.48
NOTE:—If Pump is wanted for Unit
    add ....................... 425.00
   If Oil Burner is wanted for Heat-
    ing Boiler add ............. 450.00
                —————  875.00

        Total ..................... 2723.48
NOTE:—There is no Electrical work included
    for the Pump in above Estimate.
Accepted by (Sgd.) Arthur Silver (Sgd.) Ann Beloff
    (Sgd.) Louis Beloff."

The court held that the averment that the owners had contracted with the plaintiff was contradicted by this Exhibit A, and that it *had* to be construed as a contract between the defendants and Abe Evans. But such construction was not imperative, and it should have been construed consonant with the plaintiff's averment that the defendants contracted with it, and not with Abe Evans. The plaintiff also averred that it had had a subcontract under Evans, which it pleaded was fully performed and paid for. In Exhibit A the amount which

plaintiff was to and did receive from Evans was $5400.00 as reduced to $5200.00 by mutual consent. This is consistent with the plaintiff's averment of the subcontract which was also attached as Exhibit C. Next, in Exhibit A, is a statement of "extra work" amounting to $1690.00. The court held that, since the line above these items read: "Extra work as ordered (A. Evans) . . .", the exhibit showed that the contract of the plaintiff was with Evans and not with the defendants. But "It is of no importance with whom the claimant made his contract to furnish materials or perform labor, if that person was not the contractor . . .": *Hamilton v. Means et al.,* 155 Pa. Superior Ct. 245, 38 A. 2d 528. The plaintiff here averred that it was the *prime* contractor, and that the agreement was made directly with the owners, and plaintiff was under no duty to plead any contract: *Hamilton v. Means et al.,* supra. See also *Intercoastal Lumber Distributors, Inc. v. Derian et al.,* 117 Pa. Superior Ct. 246, 178 A. 350. But the averment was also consistent with the fact that (a) the owners authorized Evans to place their order with the plaintiff; or (b) that the work had been ordered by Evans from the plaintiff, as subcontractor, but that Evans had thereafter "thrown up" the prime contract and that defendants made a new contract directly with the plaintiff. The true meaning must be ascertained after the evidence is taken. Exhibit A did not, ex necessitate, contradict plaintiff's averment that the owners contracted directly with the plaintiff. The exhibit shows written acceptance signed by the three owners, and this acceptance, plaintiff avers, was to it and not to Evans. This construction is aided by the item, "Canopy—Ordered by Art Silver [one of the owners] . . . 158.48," which the court sustained because it showed a direct order to the plaintiff from one of the owners. Thus the contract, at least in part, ran directly to the plaintiff and it avers that all of the items were the subject of such a contract. There is nothing in the pleading which ties down the

plaintiff merely to the writing called Exhibit A as to the items therein. It may, under its pleading, also prove oral agreements in connection with the items, for there was no duty to plead any contract: *Hamilton v. Means et al.,* supra; and the plaintiff did not aver that Exhibit A was the only contract as to these items.

All the items of Exhibit B were stricken down, but this exhibit is a statement of additional work and not a contract. The court's action was predicated on the fact that a line read: ". . . repairing Motor for Pump on account of (your) Electrician connecting Pump wrong", holding that the pronoun "your" *had to* mean Abe Evans. It could just as well mean the defendants, and in fact it made no difference whether the work had to be done because Abe Evans, or because the defendants' employe, made a mistake.

In the *Intercoastal Lumber Distributors, Inc.* case, supra, Judge PARKER, afterwards Justice PARKER of the Supreme Court, adopted the words of earlier cases: " 'All the cases agree that a substantial compliance is sufficient, and this is shown to exist wherever enough appears, on the face of the statement, to point the way to successful inquiry. Adherence to the terms of the statute is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary, without in fact, adding anything to the security of the parties having an interest in the building sought to be encumbered' . . . 'We must not be hypercritical, when scanning this species of lien, and estimating its sufficiency. Such a practice must necessarily defeat a very large majority of them; a result not to be desired where they furnish sufficient data to enable the parties subject to them, to ascertain all that is essential for them to know.' " Since it may well be true that the defendants contracted directly with the plaintiff, as the latter avers, we cannot say it is *not* true, there being no denial by the defendants. When the defendants file a pleading and evidence is

taken, the true fact may be easily ascertained: Did the owners contract directly with the plaintiff, or only with Abe Evans? This determination should not be summarily made.

Order reversed with a procedendo.