## Queen City Heating Co., Inc., v. Kleinschuster et ux.

*Charles M. Bolich*, for plaintiff.

*Milton Lowy*, for defendants.

DIEFENDERFER, J., February 28, 1949.—Plaintiff filed two mechanics' liens against defendants and on the first one, filed September 28, 1948, a scire facias was issued. Defendants filed preliminary objections with a motion to strike off and preliminary objections with a demurrer to the scire facias sur mechanic's lien. Plaintiff discontinued the scire facias sur mechanic's lien on December 21, 1948. On December 21, 1948, a new mechanic's lien claim was filed against same defendants by the same plaintiff as of no. 3042, January term, 1949. A contract was attached to the claim and marked "Exhibit A".

On the reverse side of the contract, which was dated October 30, 1947, we notice that it was changed January 9, 1948, which change was made between the Queen City Heating Co., Inc., on the one part and defendants, Albert F. Kleinschuster and Anna B. Kleinschuster, parties of the second part. Plaintiff claims that this writing was an original contract between plaintiff and defendants. Defendants claim that plaintiff is only a subcontractor. This question cannot be determined on a rule to strike off. See 12 Standard Pa. Practice 154, §228: "If it is not clear that the claimant was a subcontractor, the lien will not be stricken off because of failure to give notice." See Dyer Quarry Co. v. S. R. Moss Cigar Co., 26 Lanc. 22.

"Where the claim avers that the claimant is the contractor, it will not be stricken off on the ground that he is actually a subcontractor and that statutory notice has not been given." See Ruch v. Worrell, 39 Montg. 55.

"A mechanic's lien being a statutory right, those who are within the terms of the statute cannot be deprived of it in a summary manner. Accordingly, a lien regular on its face may not be stricken off for matters dehors the record": 12 Standard Pa. Practice 150.

A rule to strike off is not the appropriate method for determining the merits of the controversy. Where a lien is regular on its face, the court is bound to take its averments as true. Facts alleged in contradiction of the statements in the claim are available only as a defense in a scire facias action.

The scire facias on the first mechanic's lien was discontinued. Certainly there can be but one satisfaction of this lien and if claimant proceeds on the second lien and obtains satisfaction, there can be no further proceeding on the first claim. His indication to discontinue the scire facias on the first claim is clear proof of this fact.

It also appears that claimant has complied with all the provisions of the act of assembly necessary to file a valid claim as a contractor. The question of whether or not plaintiff is a contractor or subcontractor must be decided by trial in an action of scire facias. See Howe, Inc., et al. v. Beloff, 162 Pa. Superior Ct. 33.