## Ash v. Krzywicki et al.

Before Valentine, P. J., Lewis and Pinola, JJ.

*Paul R. Orrson*, for claimant.

*George Fenner, Sr.*, and *George Fenner, Jr.*, for defendants.

PINOLA, J., November 21, 1951.—We have for disposition a rule to show cause why a mechanic's lien should not be stricken off.

W. Doran Ash, plaintiff, filed a mechanic's lien against Emil Krzywicki, owner or reputed owner, and against his building, for the payment of a debt due plaintiff as prime contractor for plumbing work performed in connection with the erection and construction of a substantial addition to the building.

The lien was filed April 25, 1949, and notice thereof was personally served upon defendant on May 16, 1949. On March 19, 1951, plaintiff added as a defendant, T. A. Krzywicki, terre tenant. Then, on March 28, 1951, he issued a scire facias upon his claim, which was duly served on both defendants the following day. On April 13th defendants moved to quash the sci. fa. because the prothonotary failed to attach to it a copy of the affidavit of ownership. Thereupon plaintiff obtained leave of court to issue an alias sci. fa. It was issued April 18, 1951, made returnable the first Mon-

day in May (May 7th), and served on both defendants on April 19, 1951.

On May 16th, without having filed an affidavit of defense, defendants filed a petition and obtained a rule on claimant to show cause why the lien should not be stricken off.

In support of their reasons for striking off the lien, defendants point out in two preliminary paragraphs that while W. Doran Ash is claimant in the mechanic's lien, the data and figures attached to the claim appear on a bill or letterhead of S. M. Ash.

Such variance does not invalidate the lien. Practically the same thing was done in Howe, Inc., v. Beloff et al., 162 Pa. Superior Ct. 33. There the claim averred that the owners had contracted with Russell M. Howe, Inc. The exhibit attached to it was headed, "Abe Evans, Contractor". The lower court held that the averment that the owners had contracted with plaintiff was contradicted by the exhibit and that it had to be construed as a contract between defendants and Abe Evans. Judge Arnold declared (p. 36) :

"But such construction was not imperative, and it should have been construed consonant with the plaintiff's averment that the defendants contracted with it, and not with Abe Evans."

Although plaintiff averred also a subcontract with Abe Evans, Judge Arnold continued (p. 37) :

"The plaintiff here averred that it was the *prime* contractor, and that the agreement was made directly with the owners, and plaintiff was under no duty to plead any contract. . . . The true meaning must be ascertained after the evidence is taken. Exhibit A did not, ex necessitate, contradict plaintiff's averment that the owners contracted directly with the plaintiff."

So here, upon trial, from the evidence the true fact will be ascertained.

The reasons given for striking the lien from the record are as follows:

"1. That the said work was done and materials furnished in and about the making of additions to the property described, and the lien being for work and materials upon an addition did not comply with the requirements of the law in filing a lien of this character.

"2. The petitioner alleges that said premises were owned by T. A. Krzywicki, since the year 1940 and had erected thereon a building licensed as a hotel and known as Miners Inn.

"3. That in the years 1946 and 1947 while said property was in the ownership of said T. A. Krzywicki, and before any work done on the property by the firm of S. M. Ash, said property had been improved by the then owner by the expenditure of over $11,000 through work supervised by Joseph Kulina, Building Contractor of Kingston, Pennsylvania.

"4. The items of labor and material for which said above recited mechanic's lien was filed are part of a series of items involved in a contract between S. M. Ash and Emil Krzywicki, said items stated with bills and statement for a period from February 21, 1948, up to and including a statement rendered October 22, 1948, by S. M. Ash, with whom the owner Emil Krzywicki contracted and to whom payments were made by check on February 20, 1948, to and including October 15, 1948, all drawn payable to the order of S. M. Ash.

"5. That said S. M. Ash became at some time, the exact date unknown to your petitioner, a partnership consisting of S. M. Ash, Harold K. Ash and W. Doran Ash, under the firm name of S. M. Ash and Sons which partnership was dissolved on February 20, 1950, and was in existence up to that date, to wit, February 20, 1950.

"6. That the said business after the dissolution of said partnership, was continued by W. Doran Ash, doing business under the fictitious title of S. M. Ash and Sons, by action filed in the office of the Prothonotary of Luzerne County in the Common Pleas Court of Luzerne County on March 10, 1950.

"7. That W. Doran Ash, the claimant in above mentioned mechanic's lien, was without authority to file a mechanic's lien against the premises of your petitioner."

In the first, while defendants assert that claimant did not comply with the law dealing with liens for additions to property, they do not set forth the particulars, so it cannot be considered.

In reason 2, defendants assert that the property has been owned since 1940 by T. A. Krzywicki. This may be true or not. In the claim, it is averred that "the owner or registered owner is Emil Krzywicki". In any event, a question of fact is raised which will have to be decided by a jury.

In reason 3, defendants merely declare that in 1946 and 1947, while the property was owned by T. A. Krzywicki, certain work was done by a third party upon it. We do not see how this averment is material.

In reason 4, defendants contradict the statement in the lien that claimant contracted directly with Emil Krzywicki. They assert that the contract by Emil Krzywicki was with S. M. Ash. Again a question of fact is raised.

In reason 5, they intimate that S. M. Ash, an individual, at sometime became a partnership consisting of S. M. Ash, Harold K. Ash, and claimant, and that this partnership was dissolved on February 20, 1950. This averment can only become material if defendants can prove that the contract was between Emil Krzywicki and S. M. Ash. So it is not ground for striking off the lien.

In reason 6, defendants simply aver that from February 20, 1950, claimant has been doing business under the fictitious title of "S. M. Ash and Sons".

And, in reason 7, they set forth the conclusion that claimant was without authority to file a lien in question.

The reasons boil down to two: (a) That Emil Krzywicki did not contract with claimant as stated in the claim, and (b) that Emil Krzywicki did not own the property when he did contract for the work done which is the subject of the lien.

At argument, though they presented no brief, defendants contended that because claimant filed no answer to the petition, the facts therein stated must be taken to be true.

Counsel for claimant, on the other hand, declares that he filed no answer to the petition because: (1) The facts set forth in the mechanic's lien itself cannot be contradicted by such method, and (2) since the passage of the Act of May 22, 1933,. P. L. 845, once a scire facias has issued upon a mechanic's lien defendants must file an affidavit of defense and cannot thereafter resort to a motion to strike off.

According to some lower courts, an allegation which is contradictory to the statements in the lien cannot be considered: Kurtz Bros. v. Painter, 20 Berks 236; Woodring v. Brady, 17 Dist. R. 519. In the latter case, Judge Halsey of our court declared (p. 520) :

"These allegations of reasons for striking off this lien are controverted by the facts as they appear upon the face of the lien. It may be that they are true, as alleged in the affidavit upon which the rule was granted, but as they are in contradiction of the facts appearing upon the face of the lien, they cannot be used as grounds to sustain a motion to strike off the lien. They may be matters in defence in a *scire facias* proceeding to obtain judgment upon the lien."

Following earlier cases and Dyer v. Wallace, 264

Pa. 169, which hold that "a rule to strike off a mechanic's lien must be determined by the record", many courts have held that a lien may not be stricken off for matters dehors the the record. See 12 Standard Pa. Practice 150, §222. However, confusion has resulted from the decision in Kantor v. Herd et al., 276 Pa. 519, where Justice Sadler pointed out that under section 23 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, 49 PS §133, an owner may not only aver (1) that the date in the claim is incorrect, or (2) that the claim is filed against more land than should be justly included therein, or (3) that for any reason the claim is postponed, but he may also have "like proceedings" if the petition shall aver (1) that the claim is for any reason invalid, (2) has been paid, (3) waived or released, or (4) should not legally or equitably be allowed as a claim against the property.

He stirred up trouble when he declared to be dicta the statement in Hiestand v. Keath, 229 Pa. 149, that a complaint, when made by the owner who was served with the sci. fa., must be made by way of affidavit of defense to the sci. fa.

This made it possible for a defendant in a mechanic's lien to ignore a sci. fa. served upon him and to file a petition and obtain a rule as was done in this case.

Had the draftsman of section 23 of the Act of 1901 followed section 23 of the Act of June 16, 1836, P. L. 695, this result could not have obtained because in the earlier act the petition and rule procedure was permitted when "no scire facias shall have issued".

To permit a second proceedings in the same action, to us seems contrary to all reason and propriety because ordinarily a prior action may be pleaded in abatement of a subsequent one. To permit a defendant in a mechanic's lien to initiate in the same action a separate and distinct proceeding, instead of complying with the command of the court to answer the scire facias, is, to

us, intolerable and in conflict with orderly procedure. Time and again suits have been abated where they involved matters which might and should have been set up as a defense in a prior pending action: 1 C. J. 173; 1 C. J. S. 73.

It was, we believe, the disregard of this principle which led to the passage of the Act of May 22, 1933, P. L. 845, the title of which reads:

"An Act regulating actions of scire facias sur mechanic's liens and prescribing the pleadings and procedure to be observed therein."

Section 1 provides:

". . . in all actions of scire facias sur mechanic's liens, there shall be filed by plaintiff, with the praecipe for such writ, an affidavit" which shall set forth certain facts.

Section 2 provides:

"There shall be served . . . with the writ a copy of such affidavit."

Section 3 declares:

"Every allegation of fact in such affidavit and in the mechanic's lien, if not specifically or by necessary implication denied in the affidavit of defense, shall be taken to be admitted, and such allegation in such affidavit and mechanic's lien so not denied may be offered in evidence."

Section 4 requires that:

"The affidavit of defense shall answer specifically each allegation of fact in the affidavit filed with such praecipe and in the mechanic's lien; and the defendant may, by notice to plaintiff, require plaintiff to file a replication to such affidavit of defense. . . ."

Under section 7 plaintiff may "after fifteen days after return day, take judgment in default of affidavit of defense against such defendants as have been served. . . ."

Section 8 authorizes plaintiff after filing of affidavit

of defense to move for judgment for want of sufficient affidavit of defense.

Under section 9 a defendant may move for judgment on the whole record.

Here is a complete system set up by the legislature to deal with writs of scire facias on mechanic's liens. So complete, that the court in Ridpath et al. v. Edwards, 4 Chester 146, expressed doubt that a demurrer is now a proper pleading in an action of scire facias sur mechanic's lien.

The legislature has declared that "in *all* actions of scire facias sur mechanic's lien", there shall be filed by plaintiff an affidavit and every allegation in the affidavit and in the lien shall be taken to be admitted unless they are denied. Defendants are required to answer specifically each allegation.

Such mandates of the legislature cannot be ignored. Defendants were duty bound to file an affidavit of defense or suffer the consequences of their failure to do so. At this stage, they can no longer, in our opinion, initiate new proceedings by petition and rule under section 23 of the Act of 1901.

The legislature must have had in mind that it is most unfair to stop plaintiff's action for no good reason at all and to permit defendant to initiate another action in which he could only raise the same defenses which he might have set forth in the first proceedings.

If we be correct in our conclusion, it is immaterial that claimant made no answer to defendants' petition.

In passing, we point out that in a similar case, Hedden v. Major, 41 Luz. 26, where we refused to strike off the mechanic's lien for other reasons, the Act of 1933 had not been called to our attention.

Accordingly, we enter the following

### Order

Now, November 21, 1951, at 10 a.m., the rule to strike off the mechanic's lien is discharged.