## Edward L. Kemp Co. v. Hall

*James R. Donaldson,* for plaintiffs.

*Frank C. Carroll* and *Stuart E. Murphy,* for defendants.

SWEET, P. J., July 14, 1967.—Claimant, a subcontractor, filed a mechanic's lien against the owners and contractor for labor and materials furnished in

repair of a roof on a building located in Roscoe, Washington County. The claim states that the work was completed on September 2, 1966, and the preliminary notice of intention to file was given to the owners eo die. Somewhat surprisingly, the owners filed preliminary objections on the ground that no preliminary written notice of intention to file a claim was given prior to completion of the work.

It may be that the owners are really raising a question of fact because in the brief, they say: "On or about September 2, 1966, Kemp Company's truck pulled up to the building, raised a ladder to the top of the building at that particular time, and then later claimed that was the date of the completion of the work . . ." However, this is preliminary objection and the moving party admits arguendo the truth of the matter set forth in the claim, at least for this purpose. The owner's legal position seems to be that the preliminary notice must be given prior to the completion of the work.

The relevant section of the Mechanics' Lien Law of August 24, 1963, P. L. 1175, sec. 501, 49 PS §1501, says this:

"Notices by subcontractor as condition precedent

"(a) Preliminary Notice in Case of Alteration and Repair. No claim by a subcontractor for alterations or repairs shall be valid unless, in addition to the formal notice required by subsection (b) of this section, he shall have given to the owner, on or before the date of completion of his work, a written preliminary notice of his intention to file a claim if the amount due or to become due is not paid".

The lienor argues for liberal construction in aid of the workman's remedy, citing Intercoastal Lumber Distributors, Inc. v. Derian, 117 Pa. Superior Ct. 246 (1935), and Russell M. Howe, Inc. v. Beloff, 162 Pa. Superior Ct. 33 (1948).

We find further support for lienor's position in the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §538, which says, in part: "When any period of time is referred to in any law, such period in all cases, . . . shall be so computed as to exclude the first and include the last day of such period". A day is defined in the Statutory Construction Act, 46 PS §601 (28) thus: " 'Day,' comprises the time from midnight to the next midnight".

It is readily apparent, therefore, when the act states that the notice may be given on or before the date of completion of the work, that the lienor has all day of the day of completion to furnish the requisite notice. Counsel's argument at the bar that the notice must be given before the job is done would make the legislature guilty of the use of surplusage. We note that the act provides for a written preliminary notice of his intent "to file a claim if the amount due or to become due is not paid": 49 PS §1501. It seems to us that if the notice is given before the work is completed, the amount is "to become due", while if the work is only just completed that day, the moneys sought by the lienor are encompassed in the term "the amount due". To reason otherwise would be to conclude that part of the language was either tautological or mere jabberwocky.

It, therefore, seems obvious to us, as a matter of pure statutory construction, that the notice required by 49 PS §1501, supra, may be given at any time before midnight of the same 24-hour inter-midnight period in which the last act of completion takes place.

The preliminary objections of the owners are accordingly dismissed with costs. They may plead over. In view of the imminence of bar vacation, they are granted until August 31, 1967, at 3 p.m., to do so.